**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN WALSH, III,

    Plaintiff,

        v.

GREATER SCRANTON YMCA, et al.,

    Defendants.

CIVIL ACTION NO. 3:16-CV-0834

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

Presently before me is the Report and Recommendation of Magistrate Judge Carlson (Doc. 3) with respect to a *pro se* Complaint (Doc. 1) filed by Plaintiff John Walsh, III ("Plaintiff"). Magistrate Judge Carlson recommends that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted. Because I agree that Plaintiff's Complaint fails to state a cognizable claim for relief, I will adopt the Report and Recommendation in full and dismiss Plaintiff's Complaint with prejudice.

## I. Background

On May 10, 2016, Plaintiff filed a two-page Complaint against the Greater Scranton Young Mens Christian Association ("YMCA"); Karen Clause, the Associate Executive Director of the YMCA, the Board of Directors of the YMCA; Captain William Springer; and the Dunmore Police Department (collectively the "Defendants"). On that same day, he also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.)

In his Complaint, Plaintiff appears to allege violations of the First Amendment, the federal False Claims Act, 31 U.S.C. § 3730, and the YMCA's by-laws. It is not clear from Plaintiff's Complaint what exactly any of the Defendants did to commit these violations. Plaintiff simply states that his YMCA membership was suspended six (6) years ago, in the Spring of 2010, and that despite this suspension, he has attempted unsuccessfully to enter the YMCA on several occasions but has been rebuffed. Plaintiff demands $50,000.00 in damages from each of the Defendants.

On May 11, 2016, Magistrate Judge Carlson issued the instant Report and Recommendation, which granted Plaintiff's motion for leave to proceed *in forma pauperis*, but recommended dismissal of his Complaint for failure to state a claim.  (Doc. 3.)  On May 16, 2016, Plaintiff filed his Objections to Magistrate Judge Carlson's Report and Recommendation.  (Doc. 4.)  The Report and Recommendation and Plaintiff's objections thereto are now ripe for review.

## II. Legal Standards

### A.    Legal Standard in Reviewing a Report and Recommendation

Where objections to the Magistrate Judge's Report and Recommendation are filed, the district court must conduct a *de novo* review of the contested portions of the report.  *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(C)). However, this only applies to the extent that a party's objections are both timely and specific.  *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984).  In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985).  At the very least, the court should review uncontested portions for clear error or manifest injustice.  *Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

### B.    Legal Standards Governing Sufficiency of Civil Complaints

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints filed by plaintiffs given leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that for proceedings *in forma pauperis*, the court shall dismiss a case at any time if the court determines that the action is frivolous or fails to

state a claim upon which relief may be granted).  In considering whether a complaint

fails to state a claim upon which relief may be granted, the court must accept as true all

allegations in the complaint and all reasonable inferences that can be drawn from the

complaint are to be construed in the light most favorable to the plaintiff.  *Jordan v. Fox

Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a

court "need not credit a complaint's bald assertions or legal conclusions when deciding a

motion to dismiss."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)

(citations and internal quotation marks omitted).  Additionally, a court need not assume

that a party can prove facts that the party has not alleged.  *Associated Gen. Contractors

of Cal. v. Califiornia State Council of Carpenters*, 459 U.S. 519, 526 (1983).  To state a

valid cause of action, a party must provide some factual grounds for relief, which

"requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The inquiry at the motion to dismiss stage is "normally broken into three parts:  (1)

identifying the elements of the claim, (2) reviewing the complaint to strike conclusory

allegations, and then (3) looking at the well-pleaded components of the complaint and

evaluating whether all of the elements identified in part one of the inquiry are sufficiently

alleged."  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

In addition to these pleading rules, a civil complaint must comply with Rule 8(a) of

the Federal Rules of Civil Procedure, which provides that a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

R. Civ. P. 8(a)(2).  In this regard, a civil complaint must recite some essential facts tying

the defendants to some alleged misconduct.  A basic factual recital is essential in a

complaint because it would be impossible without such averments to properly assign

individual liability to a particular defendant without some factual description of what has

transpired.  Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue,

and what these parties did to violate the plaintiff's rights.  When a plaintiff fails to do so,

it is the duty of the court to dismiss the claims.  *See, e.g.*, *Moss v. United States*, 329 F.

App'x 335 (3d Cir. 2009) (affirming dismissal of illegible complaint); *Gearhart v. City of Phila. Police*, No. 06-130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

### III. Discussion

Magistrate Judge Carlson recommends dismissal of Plaintiff's Complaint on several grounds.  First, Magistrate Judge Carlson recommends dismissal for failure to state facts alleging a cognizable claim.  I agree.  Here, Plaintiff fails to allege any facts in his Complaint that could entitle him to relief.  Besides alleging that the YMCA has denied him admission to their facility located in Dunmore, Pennsylvania and that Defendant Captain William Springer of the Dunmore Police Department called him to state that "they did NOT want [him] there," Plaintiff fails to allege any other facts explaining what else any of the Defendants may have done to violate the First Amendment, the federal False Claims Act, or YMCA's by-laws.

Second, Magistrate Judge Carlson recommends dismissal pursuant to Rule 8 of the Federal Rules of Civil Procedure, which requires that each averment of a Complaint be "concise" and "direct."  I agree.  When a complaint is "incomprehensible" or "largely unintelligible," an order dismissing a complaint under Rule 8 is appropriate.  *See, e.g.*, *Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007) (affirming dismissal of a complaint because it was "illegible or incomprehensible" and in violation of Rule 8's requirement that each averment be "concise" and "direct"); *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007) (affirming dismissal of "largely unintelligible" complaint pursuant to Rule 8).  Dismissal under Rule 8 is appropriate where, like here, a complaint leaves "defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158 (3d Cir. 2011).

Third, Magistrate Judge Carlson recommends dismissal because to the extent that Plaintiff is protesting a 2010 decision to bar him from the YMCA, any potential claim arising from this decision would be barred by the applicable statute of limitations.  I agree.  When conducting a screening review of a *pro se* complaint under 28 U.S.C. §

1915, a court may consider whether the complaint is barred under the applicable statute of limitations.  Federal civil rights claims, like those alleged here, are typically subject to the state statute of limitations for personal injury actions, so long as doing so would not be inconsistent with federal law or policy.  *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Sameric Corp. of Delaware, Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).  In Pennsylvania, the statute of limitations for a personal injury action is two (2) years.  42 Pa.C.S. § 5524.  A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action.  *Sameric Corp. of Delaware, Inc.*, 142 F.3d at 599.  Although the limitations period may be extended in some circumstances based on various equitable theories, Plaintiff has failed to allege any facts that would suggest why any of these theories would apply here to toll the limitations period.  Therefore, because Plaintiff's claims relating to a 2010 decision to bar him from the YMCA occurred approximately six (6) years ago, Plaintiff is now barred from proceeding in federal court on this matter.

Magistrate Judge Carlson also raises other grounds for dismissal.  For example, he notes that the Dunmore Police Department is not a proper institutional defendant in this action because police departments are not considered "persons" for purposes of section 1983 claims, and that the federal False Claims Act, 31 U.S.C. § 3730, the only statute cited by Plaintiff in support of his Complaint, has no applicability here, given that the Act deals with whistle-blowers who come forward and report instances in which someone has allegedly profited by making false claims against an agency of the United States government.  Although I agree with these grounds for dismissal as well, a detailed analysis of these issues is not warranted given the plethora of grounds for dismissal detailed above.

Plaintiff does not respond to any of Magistrate Judge Carlson's grounds for dismissal in his objections to the Report and Recommendation.  Perhaps most notably, Plaintiff does not attempt to dispute that his claims are barred by the statute of limitations.  Rather, he devotes most of his two-page response to disparaging Magistrate

Judge Carlson, as well as attorneys and judges in general.  He does appear to raise two (2) new claims–a violation of the Americans with Disabilities Act and a denial of his freedom of association–but does not explain how any of the facts alleged in his Complaint would support such either one of these claims.  Nor does he cite to any legal authority that would support either of these claims.

Although it is generally accepted that *pro se* plaintiffs should often be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, it is clear here that the current complaint fails to state a viable civil rights cause of action and cannot be corrected through more artful pleading.  Because the plaintiff cannot readily correct the deficiencies identified in the complaint, and the factual and legal grounds proffered in support of the Complaint make clear that Plaintiff has no right to relief in federal court at this time, granting further leave to amend would be futile and result in undue delay. *Tillio v. Spiess*, 441 F. App'x 109, 110-11 (3d Cir. 2011) (affirming dismissal of *pro se* complaint without leave to amend because there was no factual or legal basis for any federal claims).  Accordingly, Plaintiff's Complaint will be dismissed with prejudice.

## IV. Conclusion

For the above stated reasons, Plaintiff's Complaint will be dismissed with prejudice.
An appropriate order follows.

May 20, 2016
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

6